# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY MAURICE BALLEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 06-314-JHP-SPS |
| | ) |
| JEFF MIXON, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, an inmate who is incarcerated in Brinkley, Arkansas, brought this action pursuant to 42 U.S.C. 1983, alleging the defendants violated his constitutional rights when he was arrested in LeFlore County District Court Case No. CF-2006-215 for Failure to Register as a Sex Offender and for two counts of Assault with a Dangerous Weapon. He denies any prior charges for a sex offense, and he claims he was in danger at the LeFlore County Detention Center because of the nature of the charges. Plaintiff has attached copies of grievances he apparently filed at the detention center concerning his safety and the physical examination of a boil under his arm. He requests dismissal of the charges in Case No. CF-2006-215, release from custody, injunctive relief, and monetary damages.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent plaintiff requests equitable relief in the form of release from confinement, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes

immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Therefore, plaintiff's claims regarding the charges in LeFlore County District Court Case No. CF-2006-215 are dismissed from this action.

On February 21, 2007, the court directed plaintiff to show cause in writing why this case should not be dismissed for his failure to serve the defendants within 120 days, pursuant to Fed. R. Civ. P. 4(m) [Docket #9]. Plaintiff responded by advising he court he did not understand the meaning of "show cause" [Docket #10]. Because it was unclear whether plaintiff had received the summonses and USM-285 forms, on April 30, 2007, the court sent him additional summonses and USM-285 forms by certified mail, with directions to complete and return the forms within fifteen (15) days [Docket #13]. Instead of complying with the court's order, plaintiff filed a motion requesting the magistrate judge to complete the USM-285 forms and summonses, because plaintiff does not know the defendants' addresses [Docket #20]. After careful review, the court finds plaintiff has failed to show cause as directed for his failure to serve the defendants within 120 days, as required by Fed. R. Civ. P. 4(m).

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE for plaintiff's failure to serve the defendants pursuant to Fed. R. Civ. P 4(m). All pending motions are DENIED as moot.

**IT IS SO ORDERED** this 7th day of June 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma